### FANNIE ASHMAN v. FLORA EPSTEINE.

*Trover—Estoppel from claiming ownership—Question for jury.*

An action of trover for a watch pawned by the plaintiff's husband cannot be taken away from the jury on the mere conclusion by the circuit judge that the plaintiff allowed her husband to have possession and appear as owner, and had made no claim for the watch after learning that it was pawned; and was therefore estopped from bringing the action : the evidence of her ownership and of the elements of the alleged estoppel should have been submitted to the jury under hypothetical instructions.

Error to Wayne.   (Jennison, J.)   April 11.—April 18.

TROVER.   Plaintiff brings error.   Reversed.

*Chas. R. Ford* for appellant.

*Atkinson & Atkinson* for appellee.

GRAVES, C. J.   This action was brought before a justice for the alleged conversion of a watch, and was carried up by appeal.   The circuit judge took the case away from the jury, and ordered a verdict for the defendant.

The watch was pawned by the plaintiff's husband, and the circuit judge concluded that she allowed him to have possession and appear to others as owner; and further, that she, soon after the watch was pawned, received notice of the

fact, but forbore to ask the place and make known her claim; and this, it was said, amounted to an estoppel.

Assuming for this purpose that the judge's theory in regard to an estoppel was entirely accurate, we cannot agree with him that it was proper to take the whole matter from the jury. There was evidence tending to make out the plaintiff's ownership, and the elements of the supposed estoppel were neither admitted nor conclusively ascertained. There was room for controversy, and the plaintiff was entitled to have the sense of the jury. The regular way to dispose of the question was to submit the evidence under hypothetical instructions.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.